IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHMOND ENGINEERING WORKS LLC,

        Plaintiff,

v.

BEDESCHI AMERICA, INC.,

        Defendant.

Civil Action No. 2:23-CV-1617

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Bedeschi America, Inc. (hereinafter, "Bedeschi") hereby files its Answer and Affirmative Defenses to the Complaint for Declaratory Relief (hereinafter, the "Complaint") [DE 1-1] filed by Plaintiff Richmond Engineering Works LLC (hereinafter, "Richmond") as follows:

1. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 1 and therefore denies same.

2. The allegations in paragraph 2 do not relate to Bedeschi and therefore no answer is required.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Denied. Bedeschi removed this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [DE 1].

6. Denied. Bedeschi removed this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [DE 1].

**FACTUAL BACKGROUND**

7. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 7 and therefore denies same.

8. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 8 and therefore denies same.

9. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 9 and therefore denies same.

10. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 10 and therefore denies same.

11. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 11 and therefore denies same. The referenced documents speak for themselves.

12. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 12 and therefore denies same. The referenced documents speak for themselves.

13. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 13 and therefore denies same. The referenced documents speak for themselves.

14. Bedeschi states that paragraph 14 attempts to characterize the action, and therefore no response is required. To the extent a response is required, Bedeschi denies the allegations in paragraph 14.

15. Bedeschi admits that Richmond subcontracted the TAS (take-away system) to Bedeschi. The referenced documents speak for themselves.

16. Bedeschi admits that Richmond subcontracted the TAS (take-away system) to Bedeschi. Bedeschi admits that Bedeschi is knowledgeable and sophisticated with respect to the supply and installation of take-away systems. Bedeschi admits that the Bedeschi Contract, as

defined in paragraph 15 of the Complaint, was freely negotiated and an arm's length transaction. The referenced documents speak for themselves.

17. Bedeschi admits that Richmond subcontracted the TAS (take-away system) to Bedeschi. The referenced documents speak for themselves.

18. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 18.

19. Bedeschi states that paragraph 19 attempts to characterize the action, and therefore no response is required. To the extent a response is required, Bedeschi denies the allegations in paragraph 19.

20. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 20 and therefore denies same.

21. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 21 and therefore denies same.

22. Bedeschi admits that it subcontracted with Jacdo Manufacturing, Inc. Otherwise, Bedeschi is without knowledge sufficient to admit or deny the balance of the allegations in paragraph 22 and therefore denies same.

23. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 23 and therefore denies same.

24. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 24 and therefore denies same.

25. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 25 and therefore denies same.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 30.

31. Denied.

32. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 32.

33. Denied.

34. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 34.

35. Denied.

36. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 36.

37. Denied.

38. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 38.

39. Denied.

40. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 40 and therefore denies same.

41. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 41 and therefore denies same.

42. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 42 and therefore denies same.

43. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 43.

44. Bedeschi is without knowledge sufficient to admit or deny the allegations in paragraph 44 and therefore denies same.

45. Bedeschi admits that the referenced documents speak for themselves. Bedeschi admits that it demanded $207,000 in damages from Richmond since ASPA did not require Richmond to pay ASPA $207,000 for delay penalties. Bedeschi admits that it does not owe damages to Richmond.

46. Bedeschi admits that the referenced documents speak for themselves and denies the remaining allegations in paragraph 46.

47. Bedeschi re-alleges and incorporates its response to paragraphs 1 through 46 above as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Bedeschi admits that Bedeschi disagrees with Richmond's decision to wrongfully withhold $207,000 in payments owed to Bedeschi as alleged liquidated damages. Bedeschi admits that Bedeschi has contemplated litigation against Richmond to recover the $207,000 in payments owed to Bedeschi that Richmond has wrongfully withheld. Bedeschi denies the remaining allegations in paragraph 51.

52. Denied.

5

53. Denied.

WHEREFORE, Bedeschi denies that Richmond is entitled to any of the relief requested against Bedechi in the "Wherefore" clause at the end of Count I. Bedeschi demands that the Complaint be dismissed, and that the Court grant Bedeschi such other relief as the Court deems just, equitable, and proper.

Bedeschi denies all allegations of the Complaint except for those allegations that Bedeschi has expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted and, therefore, should be dismissed.

2. Richmond failed to comply with the terms of the Bedeschi Contract by breaching the implied warranty of good faith and fair dealing by acting unreasonably and denying the benefits of the contract to Bedeschi.

3. Richmond is estopped from asserting the claims in the Complaint against Bedeschi because Richmond did not pay any of the late penalties Richmond is wrongfully withholding from Bedeschi and permitting Richmond to withhold the funds from Bedeschi would result in an inequitable windfall to Richmond.

4. Richmond has unclean hands because Richmond did not pay any of the late penalties Richmond is wrongfully withholding from Bedeschi and this lawsuit is an attempt to benefit from Richmond's wrongdoing.

5. Richmond's claims are barred to the extent its alleged damages were not legally or proximately caused by any acts or omissions of Bedeschi.

6. Bedeschi reserves the right to amend, modify, or supplement this Answer and Affirmative Defenses, including but not limited to adding affirmative defenses as further facts become known to it during the pendency of this litigation.

## COUNTERCLAIM

Defendant/Counterclaimant Bedeschi America, Inc. (hereinafter, "Bedeschi") hereby sues Plaintiff/Counter-Defendant Richmond Engineering Works LLC (hereinafter, "Richmond") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for breach of contract. Richmond contracted with Bedeschi for design and supply of the TAS2 Take-Away System to Richmond (hereinafter, "Project"). After completion of all work on the Project, despite multiple demands from Bedeschi, Richmond failed and refused to make full payment for Bedeschi's services and materials. There remains a total unpaid balance in the amount of $207,000 which Richmond is wrongfully withholding as alleged liquidated damages.

## THE PARTIES, JURISDICTION, AND VENUE

2. Bedeschi is incorporated in the State of Florida and maintains its principal place of business at 2600 N. Military Trail, Suite 245, Boca Raton, Florida 33431. Bedeschi, therefore, is a citizen of Florida.

3. Richmond is a limited liability company formed under Delaware law. (*See* Compl. ¶ 1).

4. Richmond has three members, none of whom are citizens of the State of Florida. [*See* DE 7]

   a. Mark Judy is a citizen of the State of Ohio. [DE 7]

      b.      Wayne Wieberdink is a citizen of the State of Minnesota. [DE 7]

      c.      Kevin Alexander is a citizen of the Commonwealth of Pennsylvania. [DE 7]

5.      Richmond is therefore a citizen of the State of Ohio, the Commonwealth of Pennsylvania, and the State of Minnesota.

6.      Accordingly, Bedeschi and Richmond are completely diverse.

7.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

8.      Venue is proper because this action was filed in Allegheny County, Pennsylvania, which is within the Court's district and division. See 28 U.S.C. § 1441(a).

## ALLEGATIONS

9.      On December 15, 2020, in connection with Bedeschi's design and supply of the Project, the parties executed Purchase Order No. 46054 ("Order") in the total amount of $3,338,000.00. A true and correct copy of the Order is attached as **Exhibit A** to the Complaint.

10.      Under the Order, the payment was due in installments based on completion of the different phases of the Project.

11.      The last payment, of 10% of the full amount of the Order, was due upon commissioning and start-up of the Project, which occurred on or around October 19, 2022.

12.      After completion of all work on the Project, despite multiple demands from Bedeschi, Richmond failed and refused to make full payment for Bedeschi's services and materials.

13. There remains a total unpaid balance in the amount of $207,000, which Richmond is wrongfully withholding as alleged liquidated damages.

14. Richmond justified its withholding of $207,000.00 due and owing to Bedeschi by alleging that the local government of Mobile, Alabama, imposed a fine upon Richmond in connection with the Project and, consequently, Richmond has claimed back charges in connection with Bedeschi's services and materials.

15. However, Richmond did not pay any fines in connection with Project.

16. Bedeschi has performed all of its obligations under the Order.

17. In turn, Richmond is in breach of its agreement with Bedeschi under the Order as Richmond has unjustifiably failed and refused to perform its obligation to fully compensate Bedeschi for its services and materials.

18. All conditions precedent to the bringing of this action have occurred, have been performed, or otherwise have been waived.

19. Bedeschi has retained the undersigned attorneys to represent it in the prosecution of this action, and is obligated to pay such attorneys their reasonable fees and expenses.

## COUNT I – BREACH OF CONTRACT

20. Bedeschi incorporates by reference and realleges the allegations in paragraphs 1 through 19 above as if fully set forth herein.

21. Bedeschi and Richmond entered into an agreement for the design and supply of the Project, i.e., the Order.

22. The Order is a valid and enforceable agreement.

23. Richmond breached the Order by wrongfully withholding $207,000 in payments to Bedeschi as alleged liquidated damages.

24. Bedeschi complied with all of its obligations under the Order.

25. As a direct and proximate result of Richmond's breach of the Order, Bedeschi has suffered damages, including, but without limitation, Bedeschi's funds wrongfully withheld by Richmond

WHEREFORE, Bedeschi respectfully requests that the Court enter judgment in its favor and against Richmond for damages, interest, attorney's fees, costs, and such other and further relief as the Court deems just and proper.

Dated: September 15, 2023

Respectfully submitted,

/s/ Zachary L. Gross

Daniel B. McLane
PA I.D. 77019
dbmclane@duanemorris.com
Telephone: (412) 497-1032

Jessica Priselac
PA I.D. 208524
jpriselac@duanemorris.com
Telephone: (412) 497-1046

Zachary L. Gross
PA I.D. 320467
zlgross@duanemorris.com
Telephone: (412) 497-1004

DUANE MORRIS LLP
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Telephone: (412) 497-1000

*Counsel for Defendant Bedeschi America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of September 2023, the foregoing was served upon counsel of record identified below through the Court's ECF system:

Joseph F. Rodkey, Jr.
Fowkes Rodkey
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139
(412) 828-2802
jrodkey@fowkesrodkey.com

*Counsel for Plaintiff*
*Richmond Engineering Works LLC*

/s/ Zachary L. Gross
Zachary L. Gross